

SO ORDERED.
SIGNED this 28th day of February, 2024

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

/s/ Shelley D. Rucker
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| Troy Layne Sanders | ) | No. 1:22-bk-10913-SDR |
| Rosa Lee Sanders | ) | Chapter 13 |
| **Debtors** | ) | |
| | ) | |
| Troy Layne Sanders | ) | |
| **Plaintiff** | ) | |
| v. | ) | Adv. No. 1:23-ap-01020-SDR |
| Rosa Lee Sanders | ) | |
| **Defendant** | ) | |

## MEMORANDUM AND ORDER

Before the court are the Defendant's motion to dismiss adversary proceeding for lack of

subject matter jurisdiction, filed on January 23, 2024, and the Plaintiff's response in opposition

filed on February 12, 2024. A status conference was held on February 16, 2024. Having considered the Defendant's motion and the Plaintiff's response, the court denies the Motion to Dismiss Adversary Proceeding for the reasons discussed below.

## I. Background

On April 28, 2022, the parties filed their joint chapter 13 petition. The court confirmed the debtors' chapter 13 plan on June 1, 2022. The full-dividend confirmed plan provides for payment of property taxes associated with the marital home, located at 1402 Clearpoint Drive in Hixson, Tennessee. The parties were married in 1981 and purchased the property in 1990. They own the home as tenants by the entirety. There is no mortgage on the property, but the debtors are behind in paying city and county taxes. The confirmed plan provides for payment of these taxes over a five year period.

The parties separated a couple of months after their chapter 13 plan was confirmed. Mr. Sanders moved out of the marital home in August of 2022, and filed for divorce in the Circuit Court for Hamilton County. In April of 2023, Mr. Sanders filed a motion to sell the property in the State Court. Mrs. Sanders opposed the motion to sell, declaring the residence to be property of the bankruptcy estate and contending that the bankruptcy court was the proper forum for seeking a sale. The divorce proceedings were stayed and Mr. Sanders filed the instant adversary proceeding seeking partition under 11 U.S.C. § 363(h). Rather than file a response to the adversary complaint, the Defendant filed her motion to dismiss the adversary, contending this court does not have subject matter jurisdiction over a tenancy by the entirety and that jurisdiction lies exclusively with the domestic relations court. Mr. Sanders filed his response in opposition, whch noted that Mrs. Sanders admitted the adversary complaint is a core proceeding under 28 U.S.C. § 157, contended Mrs. Sanders was judicially estopped from her argument because of her state court pleadings, and citing

Tennessee law for partitions, which includes tenancies by the entirety (See T.C.A. § 29-27-101).

## II. Legal Analysis

"Under the Bankruptcy Code, all legal and equitable interests of the debtor, including property held as a tenant by the entirety, become part of the bankruptcy estate. See 11 U.S.C. § 541." *In re Tompkins*, 428 B.R. 713, 716 (W.D. Mich. 2010). Moreover, 11 U.S.C. § 363(h) allows for sale of "both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or **tenant by the entirety**," under certain circumstances. *Id*. (empahsis added).

In this case, the court finds that both debtors have voluntarily subjected themselves to the jurisdiction of the bankruptcy court by the filing of their joint chapter 13 case. Accordingly, their martial home is property of the estate and a confirmed plan is in place which provides for the payment of their joint debts, including the delinquent property taxes on the marital home. The order provides that all property of the estate remains vested in the estate until after completion of the plan. Neither party has sought to sever, dismiss, or even modify their plan to provide for the sale of the residence despite the fact that their interests have become adverse. As such, this court has jurisdiction to hear and determine this proceeding pursuant to 28 U.S.C. § 1334(b) as a matter arising in this case and pursuant to § 1334(e) granting this court exclusive jurisdiction over all property of the estate. Further, the court has authority under 11 U.S.C. § 363 to hear matters related to the sale of property of the estate. Subsection (b), made applicable to debtor(s) by 11 U.S.C. § 1303, allows Mr. Sanders to seek a sale of property of the estate. Furthermore, subsection (h) allow for sales of co-tenants interests, even interests held as tenants by the entirety.

This court concludes it has jurisdiction to determine the issues raised in the adversary

proceeding. While jurisdiction is not an issue, the court is concerned about whether this joint case should continue to be jointly administered in light of the divorce proceeding and in light of Mr. Sander's wish that the residence be sold rather than retained as the confirmed plan provides. Those issues were not raised in Mrs. Sander's motion. The court will leave the parties to explore other options that would allow the parties to address partition in another forum.

### III. Conclusion

For the foregoing reasons, the court finds it has subject matter jurisdiction pursuant to 11 U.S.C. § 541, 28 U.S.C. § 1334(b) and (e), and 11 U.S.C. § 363 (b) and (h). Accordingly, the court denies the Defendant's Motion to Dismiss Adversary Proceeding.

###